DEXTER *v.* IVINS *et al.*

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

PLEADING—AMENDMENT TO CONFORM TO PROOF.

In an action for wages alleged to be due under a contract of hiring plaintiff alleged performance of the contract on his part.   The evidence introduced by plaintiff tended to show that defendants had discharged him before the time for which he seeks to recover wages.   Defendants did not allege that there had been no discharge.   *Held,* that it was not error to permit plaintiff to amend his complaint so as to conform to the proof.

Appeal from circuit court, Kings county.

Action by Andrew J. Dexter against William Ivins and others to recover wages alleged to be due under a contract of hiring.   From a judgment entered on the verdict for plaintiff, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry C. Bryan,* (*James G. Burnett;* of counsel,) for appellants.   *James & Thomas H. Troy,* for respondent.

BARNARD, P. J.   The complaint asks a recovery upon an entire contract, payable by installments monthly.   The answer admits the employment, and avers a willingness upon the part of the defendants to comply with the terms of the contract; but that the plaintiff failed to perform during the three months 'for which payments are claimed by him.   Upon the trial it was a question whether or not the plaintiff was discharged.   He did no work under the contract, and the defendants gave him none to do.   Upon this state of the issue and the proof the plaintiff was permitted to amend his complaint so as to conform to the proof.   This was proper.   If there was no discharge, the plaintiff was entitled to recover.   If there had been a discharge before the service was rendered, the action was in a questionable form.   The defendants, however, had averred no discharge, but had framed their answer so as to put the breach on the plaintiff.   In either case the amount of the recovery was the same if the plaintiff succeeded.   The action was really tried upon the issue of performance by plaintiff, and the jury has found in his favor on that point.   The amendment was therefore harmless.   The letter was properly admitted.   It contained a copy of the plaintiff's account.   It was not proper proof to be received on the part of defendants that they had had trouble with an order forwarded by the plaintiff.   If the plaintiff had procured a stuffed order, facts were to be proven, and not a correspondence between the defendants and a stranger to the record.   It was not proper to put a question whether the plaintiff could perform his duty as salesman without samples.   The facts as to the mode and manner of sale were fully proven, and the inference was for the jury.   There are no exceptions to the charges which are well taken.   They seem to be based upon the fact that the plaintiff had been discharged, and the findings on the point were for the jury.   The judgment should be affirmed, with costs.   All concur.